IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SUNLAND FABRICATORS,** *doing business as Chicago Bridge & Iron Company* | § § § § § | **PLAINTIFF** |
| v. | § § | Civil No. 1:19cv561-HSO-JCG |
| **SHERWIN-WILLIAMS COMPANY** | § § § | **DEFENDANT** |

## ORDER GRANTING DEFENDANT'S [13] MOTION TO DISMISS

BEFORE THE COURT is Defendant Sherwin-Williams Company's Motion [13] to Dismiss. Plaintiff Sunland Fabricators, doing business as Chicago Bridge & Iron Company, has not responded, and the time for doing so has passed. *See* L.U. Civ. R. 7(b)(4). After due consideration of the record and relevant legal authority, the Court finds that Defendant's Motion [13] should be granted, and Plaintiff's claims against Defendant will be dismissed without prejudice.

### I. BACKGROUND

On September 5, 2019, Plaintiff Sunland Fabricators, doing business as Chicago Bridge & Iron Company ("Plaintiff" or "Sunland") filed a Complaint [1] in this Court against Defendants Valspar Refinish, Inc.; The Valspar Corporation; and Sherwin-Williams Company. Plaintiff alleges that it paid workers' compensation benefits to a former employee for his Giant Cell Interstitial Lung Disease, and that Defendant Valspar Refinish, Inc. was liable in whole or in part for said benefits and

other damages. *See* Compl. [1] at 2-3. According to the Complaint, Valspar Refinish, Inc. had merged with The Valspar Corporation and is now doing business as Sherwin-Williams Company. *See id.* at 1.

On September 9, 2019, the Magistrate Judge entered an Order [3] requiring Plaintiff to brief the question of the Court's subject-matter jurisdiction or file an amended complaint that addresses subject-matter jurisdiction. On September 23, 2019, Plaintiff filed an Amended Complaint [5], which names only The Sherwin-Williams Company as a Defendant. After considering the Amended Complaint [5], the Magistrate Judge entered another Order [6] on September 24, 2019, requiring Plaintiff to brief subject-matter jurisdiction or file a second amended complaint that addresses subject-matter jurisdiction. Plaintiff then filed a Second Amended Complaint [7], again naming only The Sherwin-Williams Company as a Defendant.

Because it was still not clear whether the Court possessed subject-matter jurisdiction, the Magistrate Judge entered yet another Order [8] on October 10, 2019, requiring Plaintiff to brief or file a third amended complaint that properly states the parties' citizenship for purposes of subject-matter jurisdiction. Plaintiff filed its Third Amended Complaint [9] on October 17, 2019, against Defendant Sherwin-Williams Company ("Defendant" or "Sherwin-Williams"), which is the operative pleading. Plaintiff subsequently filed a Proof of Service [12] stating that the Third Amended Complaint and Summons was served upon Sherwin-Williams on February 28, 2020. *See* Proof [12] at 2.[1]

---

[1] There is no indication in the record that Plaintiff ever served Sherwin-Williams with any earlier version of the Complaint.

On March 20, 2020, Sherwin-Williams filed a Motion [13] to Dismiss pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5). *See* Mot. [13] at 1. Sherwin-Williams explains that Plaintiff previously brought this claim in a state court case, which was removed to this Court in civil action number 1:18cv170-LG-RHW; however, that previous case was dismissed without prejudice for failure to effectively serve process upon Sherwin-Williams. *See* Order [13-1] at 1-2. Sherwin-Williams asserts that dismissal of the present case is likewise warranted because Plaintiff has failed to serve it within 90 days of filing the Third Amended Complaint. *See* Mem. [14] at 3-5 (citing Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 12(b)(5)). Plaintiff has not responded to Sherwin-Williams' Motion [13] to Dismiss, and the time for doing so has passed. *See* L.U. Civ. R. 7(b)(4).

## II.  DISCUSSION

Federal Rule of Civil Procedure Rule 4(m) provides that

> [i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990); *see also Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) (holding that if a defendant is not served within 90 days after the complaint is filed, dismissal is required under Rule 4(m), unless the plaintiff shows

3

good cause for the failure).

Plaintiff filed its Third Amended Complaint [9] on October 17, 2019, and it is clear from the record that Plaintiff did not serve the sole Defendant, Sherwin-Williams, until 134 days later, on February 28, 2020. *See* Proof [12] at 2. This is plainly beyond the 90 days permitted for service under Rule 4(m).

Plaintiff has not responded to the Motion or requested additional time to effect service of process. Nor has Plaintiff attempted to show good cause for its failure to timely serve Sherwin-Williams. *See* Fed. R. Civ. P. 4(m). Based upon the record and relevant authority, the Court finds that dismissal of this case without prejudice is warranted. *See id.*; *Sys. Signs Supplies*, 903 F.2d at 1013.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Sherwin-Williams Company's Motion [13] to Dismiss is **GRANTED**, and Plaintiff's claims will be **DISMISSED WITHOUT PREJUDICE**. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 7th day of May, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE